# In the United States Court of Federal Claims

No. 17-1933C
(Filed: May 1, 2018)*
**\*Opinion originally filed under seal on April 23, 2018**

<table>
<tr><td>

SUPPLYCORE, INC.,

                Plaintiff,

v.

THE UNITED STATES,

                Defendant,

and

SCIENCE APPLICATIONS
INTERNATIONAL CORP.,

          Defendant-Intervenor.

</td><td>

Post-Award Bid Protest; NAICS code
selection; FAR § 19.303(a)(2); 13
C.F.R. § 121.402(b); FAR § 19.102(d).

</td></tr>
</table>

*William E. Hughes*, Milwaukee, WI and *Emily A. Constantine,* Milwaukee, WI for
plaintiff.

*Lauren S. Moore*, Commercial Litigation Branch, Civil Division, United States
Department of Justice, Washington D.C., with whom were *Chad Readler*, Acting
Assistant Attorney General, *Robert E. Kirschman Jr.*, Director, and *Douglas K. Mickle*,
Assistant Director for the defendant.  *John J. Pritchard*, Senior Counsel, and *Adam J.
Heer*, Assistant Counsel, Contracts Maritime, DLA Counsel–Land and Maritime,
Columbus, OH and *Beverley E. Hazlewood*, Trial Attorney, Office of General Counsel,
United States Small Business Administration, Washington, D.C., of counsel.

*James J. McCullough,* Washington, DC, for defendant-intervenor.  *Michael J. Anstett*,
Washington, D.C., of counsel.

## OPINION ON CROSS MOTIONS FOR JUDGMENT
## ON THE ADMINISTRATIVE RECORD

**FIRESTONE**, *Senior Judge*

Pending before this court in this pre-award bid protest are cross motions for judgment on the administrative record filed by plaintiff SupplyCore Inc. ("SupplyCore"), the United States ("the government"), and defendant-intervenor Science Applications International Corporation ("SAIC").  (ECF Nos. 27, 28, 29).  The subject solicitation, No. SPE7LX-17-R-0090, was issued by the Defense Logistics Agency ("DLA") for the acquisition, warehousing, and distribution of aircraft and ground transportation tires to the military.  Specifically, the solicitation is for the Global Tires Program ("GTP") Integrator.  Under the terms of the solicitation the GTP Integrator will be responsible for providing a "single supply chain management process" for the global supply of tires for DLA.  AR at 152.

Under Federal Acquisition Regulation ("FAR") § 19.303(a)(2)[1] and 13 C.F.R. § 121.402(b),[2] a Contracting Officer ("CO") is required to assign a North American

---

[1] FAR § 19.303(a)(2) states: "The contracting officer shall select the NAICS code which best describes the principal purpose of the product or service being acquired.  Primary consideration is given to the industry descriptions in the U.S. NAICS Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased.  A procurement is usually classified according to the component which accounts for the greatest percentage of contract value.  A concern that submits an offer or quote for a contract where the NAICS code assigned to the contract is one for supplies, and furnishes a product it did not itself manufacture or produce, is categorized as a nonmanufacturer and deemed small if it meets the requirements of 19.102(f)."

[2] 13 C.F.R. 121.402(b) states: "The procuring agency contracting officer, or authorized representative, designates the proper NAICS code and corresponding size standard in a solicitation, selecting the single NAICS code which best describes the principal purpose of the product or service being acquired.  Except for multiple award contracts as set forth in paragraph (c) of this section, every solicitation, including a request for quotations, must contain only one NAICS code and only one corresponding size standard.

(1) Primary consideration is given to the industry descriptions in the U.S. NAICS Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased.

Industry Classification System ("NAICS") code for a procurement that "best describes the principal purpose of the product or service being acquired." FAR § 19.303(a)(2), 13 C.F.R § 121.402(b). Additionally, pursuant to FAR § 19.102(d), "[w]hen acquiring a product or service that could be classified in two or more industries with different size standards, contracting officers shall apply the size standard for the industry accounting for the greatest percentage of the contract price." FAR § 19.102(d).

The solicitation provides that the GTP Integrator is to acquire tires from tire manufacturers and dealers that have entered into separate Long Term Contracts ("LTC") with the DLA. These manufacturers and dealers are known as LTC Vendors. The GTP Integrator may only purchase tires from these LTC Vendors based on the Integrator's analysis of DLA's needs. The GTP Integrator does not have the ability to negotiate the price of the tires with the LTC Vendors. Prices are set by the government. In addition, under the GTP Integrator solicitation, the GTP Integrator does not make any profit from its sale of the tires to the DLA. Once the tires are acquired, the GTP Integrator has responsibility for inspecting, storing and maintaining the tires until a tire request is issued by DLA. Once the DLA makes a request, the GTP Integrator is responsible for delivering the tire or tires to the location identified by DLA. After a tire is delivered, the GTP Integrator is reimbursed for the price of the tire by DLA. Under the terms of the solicitation, the GTP Integrator is described as a pass-through entity.

---

(2) A procurement is usually classified according to the component which accounts for the greatest percentage of contract value."

In the instant case, the CO determined, based on the terms of the subject solicitation, that under FAR § 19.303(a)(2) and 13 C.F.R. § 121.402(b) the "principal purpose" of the GTP Integrator solicitation was for warehousing services and, as such, he selected NAICS code 493190, Other Warehousing and Storage.  AR 1-6.  The NAICS Manual describes NAICS code 493190 as follows: "establishments primarily engaged in operating warehousing and storage facilities (except general merchandise, refrigerated, and farm product warehousing and storage)."  *NAICS Manual* at 406.  The broader subsector 493 NAICS code, Warehousing and Storage, which incorporates NAICS code 493190, states that "Industries in the Warehousing and Storage subsector are primarily engaged in operating warehousing and storage facilities . . . These establishments . . . do not sell the goods they handle … [and] may also provide a range of services, often referred to as logistics services, related to the distribution of goods."  *Id.* at 405.   After selecting the NAICS code, the CO determined that the solicitation would not be set aside for small businesses.  The solicitation provides, however, that the "[g]overnment will evaluate the offerors' proposal to determine which offeror proposes the best value in terms of Small Business Participation." AR at 535.

On October 6, 2017, SupplyCore challenged the CO's NAICS code assignment before the Small Business Administration's ("SBA") Office of Hearings and Appeals ("OHA").  SupplyCore argued that the CO had erred in selecting NAICS code 493190 on the grounds that the "principal purpose" of the solicitation was not for warehousing services but for the acquisition of tires because tires accounted for the greatest percentage of price in the solicitation.  Based on this argument, SupplyCore maintained that the CO

should have assigned NAICS code 326211, relating to Tire Manufacturing, or NAICS code 336390, relating to Other Motor Vehicle Parts manufacturing, to the solicitation. Both of these codes could be used for acquiring tires.  Moreover, under either of the manufacturing NAICS codes it proposed, SupplyCore would be classified as a small business, whereas SupplyCore is not a small business under NAICS code 493190.

OHA rejected SupplyCore's arguments and affirmed the CO's assignment of NAICS code 493190 on November 17, 2017.  OHA found that the CO had reasonably concluded that the "principal purpose" of the solicitation was for the acquisition of warehousing services and thus the CO's assignment of NAICS code 493190 was not clearly erroneous.  AR 115-27.

SupplyCore filed the present action on December 12, 2017, challenging the CO's decision to use NAICS code 493190.  SupplyCore argues, as it did before OHA, that the CO's decision that the GTP Integrator solicitation's "principal purpose" is for the procurement of warehousing services is arbitrary and capricious and not in accordance with law because most of the contract price is attributable to acquiring tires, and thus a manufacturing NAICS code should have been assigned.  SupplyCore also argues that NAICS code 493190 is improper because the solicitation was issued under FAR Part 12, Commercial Items, and warehousing services are not commercial items.  Finally, SupplyCore challenges the CO's decision on the grounds that, under NAICS code subcategory 493, warehousing establishments cannot sell the goods they store and here the GTP Integrator sells tires to the DLA.  SupplyCore is seeking an injunction

prohibiting the CO from using NAICS code 493190 and a remand of the case to the CO so that the appropriate manufacturing NAICS code can be assigned.[3]

The government and SAIC argue that the CO's determination that the GTP Integrator solicitation's "principal purpose" is for warehousing services and not for the acquisition of tires, which must be acquired from designated LTC Vendors under a pass-through arrangement with DLA, is rational and in accordance with law. They also argue that SupplyCore's objections to the CO's designation of NAICS code 493190 based on FAR Part 12 and the limitations on sales contained in NAICS code 493 are without merit. The government and SAIC therefore contend that the CO's decision as affirmed by OHA must be upheld.

For the reasons set forth below, the court **GRANTS** the government and SAIC's motions for judgment on the administrative record and **DENIES** SupplyCore's motion for judgment on the administrative record.

## I.   Background Facts

### a.  Global Tires Program's Predecessor Contracts

---

[3] The government has also filed a motion to dismiss SupplyCore's action pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted. The government argues that should SupplyCore succeed in establishing that the NAICS code assigned by the government is wrong, SupplyCore would not be entitled to injunctive relief requiring the government to change the NAICS code for this procurement under 13 C.F.R. § 134.318(b).  The government argues that under that regulation, any NAICS code change could only be applied prospectively to future procurements.  Because the court concludes that the NAICS code assigned to the procurement was not improper, the court has no occasion to rule on whether a NAICS code change could be applied to the subject procurement.  The government's motion is **DENIED** as moot.

This procurement has a history dating back to the 2005 Base Realignment and Closure Commission ("BRAC 2005").  AR at 7.  As a result of the BRAC 2005, the Department of Defense ("DOD") disestablished the military's wholesale supply, storage, and distribution of aircraft and ground vehicle tires.  *Id.*  In its place, the DOD established a privatized tire supply chain process through the use of government contracts.  *Id.*

The first government contract program to create this privatized tire distribution system for the DLA was called the Tire Privatization Initiative ("TPI").  *Id.* at 2.  TPI was assigned NAICS code 326211, Tire Manufacturing (Except Retreading),[4] and was awarded to a single tire manufacturer who was responsible for the supply and distribution of tires to DLA.  *Id.*  TPI's follow-on contract, the Tire Successor Initiative ("TSI"), divided the contract into two separate contractual vehicles, supply chain management and procurement of tires.  The TSI procurement was assigned NAICS code 423130, Tire and Tube Merchant Wholesalers.[5]  The TSI contract is currently with SAIC, the defendant-intervenor, and is set to expire in October 2018.  AR at 2, 7.

Separate from the DLA program, the Navy previously had their own tire supply contract.  The current Navy program is covered under the Navy's Tires Performance Based Logistics Successor ("TPS") contract.  AR at 7, 152.  The TPS contract, like the TPI contract, was assigned NAICS code 326211, Tire Manufacturing (Except

---

[4] The NAICS Manual provides that this code is assigned to "establishments primarily engaged in manufacturing tires and inner tubes from natural and synthetic rubber." *NAICS Manual* at 212.

[5] The NAICS Manual provides that this code is assigned to "establishments primarily engaged in the merchant wholesale distribution of new and/or used tires and tubes for passenger and commercial vehicles." *NAICS Manual* at 314.

Retreading).  AR at 7.  Under the DLA's GTP, the new GTP Integrator will now provide

tires for the Navy.  *Id.*

### b.  The Global Tire Program Integrator Solicitation

DLA issued this solicitation under FAR Part 12, Commercial Items, for supply

chain management support for the GTP on September 29, 2017.  AR 146.  Initial offers

for this solicitation were due by December 15, 2017.  As discussed, SupplyCore filed its

OHA appeal in November 2017 before offers were due.  The OHA appeal did not stay

the deadline for offers and all offers have now been submitted.

Under the terms of the solicitation, DLA intends to enter into separate LTCs with

original equipment manufacturers and dealers of tires which the GTP Integrator is bound

to use for its supply of tires.  AR 151-52.  In this connection, only two of the solicitations

thirteen contract line item numbers ("CLINs") deal with tire prices.  AR 153-54.  CLIN 1

is for Tire Price and CLIN 11 is related to Surge and Sustainment Tire Prices. AR 153.

CLINs 2, 3, and 6 are for Supply Chain Management.  *Id.*  CLINs 4 and 5 are for Navy

Aircraft Supply Chain Management.  *Id.*  CLIN 7 is for Scrap/Disposal Management.  *Id.*

CLINs 8 and 9 are for Retread Management.  *Id.*  CLIN 10 is for Palletization.  *Id.*  CLIN

12 is for Reconciliation and CLIN 13 is for Implementation.  AR 154.

The Performance Work Statement ("PWS") also focuses on the supply chain

support required by the solicitation.  Specifically, the PWS states that the GTP Integrator

will be required to execute such tasks as demand planning, order processing and

fulfillment, warehouse management and operations, customer support services, and data

management.  AR 152.  With regard to acquiring tires, the PWS explains that the GTP

Integrator is responsible for inspecting and paying for the tires provided by the applicable LTC Vendor, and states that the GTP Integrator is to invoice the government once the tires are delivered to the government user.  With regard to CLIN 1 the PWS states: "[Tire price] is a pass through cost that reflects the tire price in the applicable Vendor LTC, which is the GTP Integrator purchase price under the GTP construct," and "this CLIN does not contain any additional pricing other than the actual price in the applicable Vendor LTC."  AR 153.

The solicitation further provides that the award will be made to the offeror who can best execute such functions as demand planning, forecasting orders to tire suppliers, purchasing tires from the LTC Vendors, warehousing those tires, and managing tire distribution logistics.  AR 275-82.  With regard to the evaluation of price, the solicitation makes clear that because of the pass through approach, the cost of acquiring the tires will not be considered when evaluating proposals.  AR 290.

### c.  Designation of NAICS Code 493190

On July 17, 2017, prior to the issuance of the GTP Integrator solicitation, the CO prepared a Determination and Finding ("D&F") which designated NAICS code 493190, Other Warehousing and Storage.  AR at 1-6.  In determining the "principal purpose" of the solicitation, the CO explained that he "considered the industry descriptions in the U.S. NAICS Manual, the product or service description in the solicitation, the relative value and importance of the components that make up the program, and the function of the goods or services being purchased."  AR at 1.

The CO acknowledged that although the GTP Integrator contract "is a hybrid of supply and service functions" and "[s]eventy percent of the contract dollar[] [value is] based on the purchase of supplies[,]" the work of the GTP Integrator would be "predominantly [focused] on the many service-based aspects" of the solicitation's PWS. *Id.* at 1-2.  As such, he concluded that the "principal purpose" of the GTP Integrator solicitation was for the acquisition of warehousing services and thus assigned NAICS code 493190.  AR at 4.

In making his determination, the CO also considered and rejected NAICS code 326211, one of the NAICS codes advocated for by SupplyCore, because he found that although "seventy percent of GTP dollars is for supplies, it is essentially pass through supplies cost and no manufacturing performed is by the GTP Integrator, therefore selecting this as the code does not best describe the principal purpose of the product or service being acquired."  AR at 4-5.  The CO also considered and rejected NAICS codes 423130, 481112, 483111, and 484122.  AR at 4-6.  The CO explained that he rejected NAICS code 423130, Tire and Tube Merchant Wholesalers, on the advice of SBA General Counsel, because a wholesaler code cannot be used on government acquisitions regardless of whether the contract is for supplies or services pursuant to 13 C.F.R. § 121.402(b)(2).  AR at 4.  Finally, the CO also rejected NAICS codes 481112, Scheduled Freight Air Transportation, 483111, Deep Sea Freight Transportation, and 484122, General Freight Trucking, Long-distance, Less than Truckload, because he found that the services provided under those NAICS codes did not adequately describe the "principal purpose" of the GTP Integrator solicitation.  AR 4-5.

### d.  Small Business Set-Aside

Following the assignment of NAICS code 493190, the CO determined that the

GTP Integrator solicitation should not be made as a small business set-aside because the

requirements of FAR § 19.502-2(b) and FAR § 19.502-3(a)(2) had not been met.  AR

557-58.  The CO concluded that a small business could not perform the contract due to its

size, complexity, and variability.  *Id.*  The CO also concluded that the contract could not

be broken down into smaller requirements so that a small business could be awarded

portions of the contract.  *Id.*  SupplyCore does not challenge the CO's decision not setting

aside the GTP Integrator solicitation for a small business under NAICS code 493190, or

the CO's decision not to break the work down into smaller requirements.

### e.  OHA Appeal and Decision

As noted above, on October 6, 2017, SupplyCore appealed the CO's NAICS code

assignment before the OHA.  AR 45-54.  As also explained above, SupplyCore argued

that the CO erred in selecting NAICS code 493190 for the GTP Integrator solicitation on

the grounds that most of the contract dollars will be spent on acquiring tires, and thus the

CO should have assigned either NAICS code 326211, Tire Manufacturing (except

Retreading), or NAICS code 336390, Other Motor Vehicle Parts Manufacturing.  *Id.*

On November 13, 2017, OHA denied SupplyCore's appeal and affirmed the CO's

assignment of NAICS code 493190 for the GTP Integrator solicitation.  AR at 124.  In its

decision, OHA explained that while the "'breakdown of the costs of the tasks required by

a procurement is a good indicator of the procurement's principal purpose[,]' . . . the cost

of particular components is not alone conclusive." AR at 124 (citing *NAICS Appeal of*

*Milani Construction, LLC,* SBA No. NAICS-5749, at 8 (2016) (citation omitted); *NAICS*

*Appeal of Global Solutions Network, Inc.*, SBA No. NAICS-4478, at 3 (2002)).  OHA

reasoned that in this case the CO's decision not to focus on the costs of tire acquisition

was reasonable because although the GTP Integrator "is responsible for purchasing its

supply of tires, and the majority of the procurement's cost is associated with purchasing

the tires[,]" the GTP integrator "has no authority to negotiate price or delivery with the

LTC Vendors," the GTP integrator's "purchase price is passed through to the

Government . . . the GTP integrator may not receive any profit on the tires themselves . . .

[and] in the event the GTP Integrator fails to pay the LTC Vendor, the Government will

pay the LTC Vendor directly and off-set payments to the GTP Integrator."  *Id.*  Based on

its review of the solicitation and the PWS, OHA determined that the "principal purpose

of the instant procurement is . . . for supply chain management of DOD's global supply

of tires."  AR 125.

OHA also addressed SupplyCore's contention that NAICS code 493190 was

improper because the GTP Integrator was required to sell tires in contravention of

NAICS code subgroup 493, which specifies that warehousing establishments "do not sell

the goods they handle[.]"  *Id.*  OHA explained that the GTP Integrator does not truly sell

the tires because it cannot negotiate prices or make a profit on the tires, and is

immediately reimbursed for the cost from the government.  In such circumstance, OHA

agreed that the solicitation established a pass-through arrangement.  *Id.*  OHA further

stated that the GTP Integrator's relationship with the LTC Vendor "is more akin to a

warehouse than a wholesaler[,]" thus concluding that NAICS code 493190 could be assigned to the GTP Integrator solicitation.  *Id.*

It was for these reasons that OHA distinguished the GTP Integrator solicitation from the one at issue in *NAICS Appeal of SBA*, SBA No. NAICS-5526 (2014), which SupplyCore argued should be controlling.  At issue in *NAICS Appeal of SBA* was the Air Force's designation of a procurement under a service NAICS code instead of a manufacturing NAICS code for a contract dealing with the procurement of a wide range of equipment.  *NAICS Appeal of SBA*, SBA No. NAICS-5526 (2014), at 2.  In *NAICS Appeal of SBA*, OHA determined that because (1) the engineering services requested were sporadic, (2) the offeror's ability to perform those services was given no weight in the evaluation criteria, and (3) the procurement was structured as a commercial items procurement under FAR Part 12, the procurement was not for services but rather supplies.  *Id.* at 6-8.  As such, OHA concluded, in *NAICS Appeal of SBA*, that the service NAICS code assigned was incorrect.  *Id.* at 8.  Unlike the procurement in *NAICS Appeal of SBA*, here OHA reasoned that under the procurement the GTP Integrator will not be the source of the goods (the tires may be purchased only from LTC Vendors) and that it is clear that the solicitation has an extensive service requirement.  AR 126.  OHA noted that the evaluation factors emphasize experience in supply chain management and that the majority of CLINs are focused on the service components of the solicitation.  *Id.*

Additionally, OHA dismissed SupplyCore's argument that because the GTP Integrator solicitation was issued under FAR Part 12 for commercial items, its "principal purpose" must be for the acquisition of goods.  *Id.*  OHA concluded that services in

support of the acquisition of tires can qualify under FAR Part 12 as commercial items because they are services in connection with a commercial good "'of a type customarily used by the general public' and thus would qualify as commercial items." *Id.* (citing FAR § 2.101)[6].  Finally, and as previously stated, OHA determined that under the pass-through arrangement set out in this procurement that the GTP Integrator was not "selling" tires for profit, and thus NAICS code 493's limitation on the sale of goods by warehousing establishments did not bar application of the NAICS code selected.  AR at 125.

## II.    Litigation Background

SupplyCore filed its action in this court on December 12, 2017.  The court agreed to an expedited briefing schedule and SupplyCore withdrew its motion for a preliminary injunction.  (ECF No. 9).  Briefing on cross motions on the administrative record was completed on March 6, 2018.  Oral argument on the cross motions was held on April 9, 2018.

## III.    Legal Standards

The United States Court of Federal Claims has "jurisdiction to render judgment on an action by an interested party objecting to … the award of a contract [by a federal agency] or any alleged violation of statute or regulation in connection with a procurement or proposed procurement."  28 U.S.C. § 1491(b)(1).  Under 28 U.S.C. § 1491(b)(4), this

---

[6] Commercial item is defined as "Services of a type offered and sold competitively in substantial quantities in the commercial marketplace based on established catalog or market prices for specific tasks performed or specific outcomes to be achieved and under standard commercial terms and conditions." FAR § 2.101.

14

court reviews agency decisions under the "standards set forth in section 706 of [T]itle 5" of the Administrative Procedure Act ("APA"). *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001). Under section 706 of Title 5, an agency's decision may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Banknote Corp. of Am. v. United States*, 365 F.3d 1345, 1350-51 (Fed. Cir. 2004) (quoting *Advanced Data Concepts, Inc. v. United States,* 216 F.3d 1054, 1057-58 (Fed. Cir. 2000)). This review is on the administrative record and requires the court to consider whether based on the evidence in the record the agency decision: (1) "lacked a rational basis" or (2) "involved a violation of regulation or procedure." *Impresa*, 238 F.3d at 1332 (citations omitted); *see also* 5 U.S.C. §§ 702, 706(2)(A).

The court's review is "highly deferential" and "the disappointed bidder bears a 'heavy burden' of showing that the award decision 'had no rational basis.'" *Bahrain Mar. & Mercantile Int'l BSC (C) v. United States*, 118 Fed. Cl. 462, 477 (2014); *Impresa*, 238 F.3d at 1333 (citation omitted). With regard to alleged errors of law, a protestor must demonstrate "'a clear and prejudicial violation of applicable statutes or regulations.'" *Impresa*, 238 F.3d at 1333 (citation omitted); *see also Data Gen. Corp. v. Johnson*, 78 F.3d 1556, 1562 (Fed. Cir. 1996) ("[T]o prevail in a protest the protester must show not only a significant error in the procurement process, but also that the error prejudiced it.").

Furthermore, where as here, the protestor is also challenging OHA's affirmance of the CO's NAICS code designation, the Federal Circuit has determined that this court has

jurisdiction to review those decisions, because they constitute decisions made "'in connection with a procurement or a proposed procurement.'" *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1251, 1254 (Fed. Cir. 2015) (citing 28 U.S.C. § 1491(b)(1)).

## IV.    Discussion

As discussed above, the CO determined that the GTP Integrator solicitation's "principal purpose" was for the acquisition of warehousing services and not for the supply of tires, and therefore assigned NAICS code 493190.  Subsequently, OHA affirmed the CO's NAICS code selection.  SupplyCore argues before this court that the CO's decision and OHA's affirmance of the CO's decision are arbitrary and capricious and not in accordance with law on two grounds.  First, SupplyCore contends that in determining the "principal purpose" of a solicitation that is for both the acquisition of supplies and services, the CO should have designated the portion of the contract that had the greatest monetary value as the "principal purpose."  Second, SupplyCore argues that NAICS code 493190 is inapplicable to the GTP Integrator solicitation because it was issued under FAR Part 12, Commercial Items, and because NAICS code subcategory 493 states that entities under this group of NAICS codes "do not sell the goods they handle." *NAICS Manual* at 405.  Each of these arguments is examined in turn.

### a.  The CO's Decision that the GTP Integrator Solicitation's Principal Purpose was for Warehousing Services was Rational and in Accordance with Law

SupplyCore argues that because seventy percent of the monetary value of the GTP Integrator solicitation is for the acquisition of tires, under FAR § 19.303(a)(2) and 13

C.F.R. § 121.402(b),[7] the CO was obligated to find that the solicitation's "principal purpose" was for the acquisition of tires.  SupplyCore further argues that its position is confirmed by FAR § 19.102(d), which requires the CO to select "the size standard for the industry accounting for the greatest percentage of the contract price" when two or more industries are applicable.  Finally, SupplyCore argues that OHA's affirmance of the NAICS code decision was improper because it was not in accordance with OHA precedent.  Specifically, SupplyCore argues that *NAICS Appeal of SBA*, as discussed above, dictates that a manufacturing code for the acquisition of tires be selected.

In response, the government and SAIC argue that the CO's decision that the "principal purpose" of the GTP Integrator solicitation was for services and not supplies was rational.  They argue that the CO correctly recognized that the value of individual components of a contract is not dispositive where the majority of the work to be performed is not reflected in the price, and the supplies to be acquired are not part of the selection evaluation.  In this instance, they argue that the CO's decision regarding the solicitation's "principal purpose" is well supported by the terms of the solicitation, including the fact that eleven of the thirteen CLINs involve chain supply management services and the PWS focuses on supply chain management functions to be performed by the GTP Integrator.  Additionally, the government and SAIC argue that the GTP Integrator acts only as a pass-through agent with regard to the tires.  In this connection, they note that under the terms of the solicitation the price of the tires will not be considered when evaluating the offers.

---

[7] *See* n. 1 and 2.

The government and SAIC also argue that OHA's decision affirming the CO's designation is correct and in line with OHA precedent, contrary to SupplyCore's contention.  Specifically, they rely on *NAICS Appeal of Ferris Optical*, where OHA determined that a procurement that involved the supply of eyeglasses, as well as related services including fitting, adjusting, and repairing of eyeglasses, was properly classified under a non-manufacturing NAICS code because the solicitation was for "much more . . . than merely the delivery of manufactured eyeglasses." *NAICS Appeal of Ferris Optical*, SBA No. NAICS-5285, at 6 (2011).

The court agrees with the government and SAIC.  The CO's decision that the GTP Integrator solicitation's "principal purpose" is for the acquisition of services and not supplies is rational and in accordance with law.  First, contrary to SupplyCore's contention, FAR § 19.303(a)(2) and 13 C.F.R. § 121.402(b) do not mandate that the CO determine the "principal purpose" of the solicitation based solely on the monetary value of the different solicitation components.  Rather, 13 C.F.R. § 121.402(b)(2) states that procurements are "usually classified according to the component which accounts for the greatest percentage of contract value."  The rule uses the word "usually" and does not state that the CO is required to classify according to the component which has the greatest contract value.  Thus, the CO did not violate any regulation when he failed to automatically conclude that the "principal purpose" of the solicitation is for the acquisition of tires because that is the portion of the solicitation that has the greatest monetary value.  This conclusion is supported by the terms of the GTP Integrator solicitation.  As discussed above, 11 of the 13 CLINs of the solicitation are for services,

the PWS focuses on the services required, and the price of the tires is not to be considered in evaluating offers.  In these circumstances, the CO rationally concluded that the solicitation's "principal purpose" is for the acquisition of services.

Second, the court agrees that OHA's affirmation of the CO's decision is rational and supported.  In this regard, this court has recognized that "because of the SBA's 'quasi-technical administrative expertise and [its] familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme[,]'" OHA is given special deference.  *LB & B Assocs. Inc. v. United States*, 68 Fed. Cl. 765, 771 (2005) (internal citations omitted) (alteration in original).  OHA determined that the CO acted within his discretion and reasonably concluded that the "principal purpose" of the solicitation is for the acquisition of services not supplies.  Contrary to SupplyCore's arguments, the court finds that OHA's decision is consistent with OHA precedent.  In its decision, OHA cited *NAICS Appeal of Global Solutions Network*.  In *NAICS Appeal of Global Solutions Network*, OHA evaluated the designation of a facilities management NAICS code for a solicitation that involved both the management of a facility and the provision of various academic and vocational training.  *NAICS Appeal of Global Solutions Network, Inc.,* SBA No. NAICS-4478, at 1 (2002).  Despite only 30 percent of the cost being dedicated to the training components, OHA determined that "[e]ven a most cursory reading of the Statement of Work . . . demonstrates that the thrust of the procurement is not for facilities maintenance-base maintenance, but for training, education, and outplacement services."  *Id*. at 3.  Thus, OHA concluded that the procurement should be assigned a NAICS code that reflects the

"principal purpose" of providing academic training and not facilities management. *Id.*

Additionally, while not cited by OHA when affirming the CO's decision in the instant

case, the court also agrees with the government and SAIC that OHA's decision in *NAICS*

*Appeal of Ferris Optical* also confirms the reasonableness of the CO's decision.

Having concluded that the CO rationally and lawfully determined that this

solicitation's "principal purpose" is for the acquisition of services, the court finds that

SupplyCore's contention that the CO violated FAR § 19.102(d) by not selecting a NAICS

code based on the portion of the procurement with the highest dollar value is without

merit. As noted, FAR § 19.102(d) provides "[w]hen acquiring a product or service that

could be classified in two or more industries with different size standards, contracting

officers shall apply the size standard for the industry accounting for the greatest

percentage of the contract price." The court agrees with the government that FAR §

19.102(d) comes into play only when two NAICS codes could equally apply to the

procurement. Here, the CO did not have to choose between two equally applicable

NAICS codes because the CO rationally and lawfully determined that only one NAICS

code was applicable. Hence, the CO had no occasion to apply FAR § 19.102(d).

### b. SupplyCore's Additional Objections to the CO's Assignment of NAICS Code 493190 are Without Merit

First, SupplyCore argues that because the solicitation was issued for Commercial

Items under FAR Part 12, the CO was prohibited from assigning a service-based NAICS

code. The court disagrees. As OHA explained, and as discussed above, under FAR Part

12, services provided in support of the acquisition of a commercial item are also

commercial items according to the definition provided in FAR § 2.101. The court agrees

that because the tires are items "customarily used by the general public[,]" the supply

chain management services outlined in the GTP Integrator solicitation are commercial

items under FAR Part 12.  FAR § 2.101.  Thus, the court finds that the CO was not

prohibited from assigning a service-based NAICS code because the GTP Integrator

solicitation was issued under FAR Part 12.

Second, SupplyCore argues that because the GTP Integrator sells the tires it

purchases from the LTC Vendors to DLA, a NAICS code under subgroup 493 could not

be selected on the grounds that the NAICS Manual provides that such entities "do not sell

the goods that they handle."  *NAICS Manual* at 405.  SupplyCore relies on *Size Appeal of*

*Long Island Jet Center, Inc.*, in which OHA determined that a corporation that made a

majority of its profits from the sale of jet fuel, which also stored aircraft and other various

aircraft-related items, was not properly characterized under NAICS code 493190 because

a majority of the profits were related to the sale of a good, and that the warehousing

services were clearly only an incidental portion of the business.  *Size Appeal of Long*

*Island Jet Center, Inc.*, SBA No. SIZ-4606, at 5 (2004).

The court disagrees.  As explained above, under the terms of the subject

solicitation, the GTP Integrator does not contract directly with the LTC Vendor, has no

ability to negotiate the price of the tires, and makes no profit by delivering the tires to the

government.  For these reasons, the CO's conclusion that the GTP Integrator is a pass-

through entity and not in the business of selling tires for profit is supported.

Additionally, this case is distinguishable from *Size Appeal of Long Island Jet Center, Inc.*

for two reasons.  First, based on the number of CLINS and the portion of the PWS

dedicated to warehousing services in the GTP Integrator solicitation, it is clear that the "principal purpose" of the procurement is for services, unlike in *Size Appeal of Long Island Jet Center, Inc.* where storage of goods was merely incidental to the work performed.  Second, because the GTP Integrator does not make any profit from the sale of the tires, the GTP Integrator solicitation is plainly distinguishable from the procurement in *Size Appeal of Long Island Jet Center, Inc.* where the company at issue made a majority of its profit from the sale of jet fuel.  As such, the court finds that the GTP Integrator is in effect a pass-through entity which is not in the business of selling goods and as such the CO is not prohibited from assigning a warehousing services NAICS code under subcategory 493.

## CONCLUSION

For the reasons discussed above, the court concludes that the CO's designation of NAICS code 493190 and OHA's decision affirming the CO's designation was rational and in accordance with law.  Accordingly, the government and SAIC's motions for judgment on the administrative record are **GRANTED** and SupplyCore's motion for judgment on the administrative record is **DENIED**. The Clerk is directed to enter judgment accordingly.  No costs.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge